**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-4082
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ARUN DHAVAMANI,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Senior District Judge.  (1:19-cr-00159-1)

_____

Submitted:  December 21, 2022                          Decided:  June 16, 2023

_____

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Jennifer Rada Herrald, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arun Dhavamani was convicted of traveling in interstate commerce with the intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). Dhavamani appealed, contending, among other things, that the Government agents intentionally manufactured federal jurisdiction in this case. We vacated in part and remanded to the district court "for a factual finding as to whether law enforcement officers changed the agreed meeting location from West Virginia to Virginia for the sole purpose of creating federal jurisdiction." *United States v. Dhavamani*, No. 20-4306, 2021 WL 4786614, at *1 (4th Cir. Oct. 14, 2021). We affirmed Dhavamani's conviction and sentence in all other respects. *Id.*

On remand, the district court held an evidentiary hearing during which four members of the FBI Crimes Against Children Task Force testified. The officers were consistent in their testimony that the task force does not prefer federal or state cases and task force members are not pressured or even encouraged to bring more federal cases. The officers explained that the meeting location in this case was changed for safety reasons and because they anticipated that more people would be present at the original meeting place at the time the meeting was to take place.

Following the hearing, the district court concluded that the manufactured jurisdiction doctrine did not apply. The court specifically found all four officers credible and that their testimony clarified the conflict in the testimony presented during Dhavamani's trial. The court found that creating federal jurisdiction was "not even one reason for changing the meeting location . . . [i]t certainly was not the sole reason."

2

Addressing the discrepancy between Trooper Jillian Yeager's trial testimony, in which she testified that the meeting location was changed in order to get Dhavamani across the state line in order to make this a federal case, the district court acknowledged that Yeager was not a member of the task force at that time and she was not privy to the reasons for the change in the meeting place. The district court credited Yeager's testimony during the evidentiary hearing in which she explained that she was not involved in planning the meeting location for Dhavamani and that she misunderstood the questions asked at trial about why the meeting location had been changed. The district court thus found that the evidence did not support a conclusion that federal jurisdiction was manufactured.

We review factual findings by the district court for clear error. *United States v. Charboneau*, 914 F.3d 906, 912 (4th Cir. 2019). A factual "finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) (internal quotation marks omitted). We have held that a district court's credibility determination, made after observing the witnesses and weighing their credibility during an evidentiary hearing, is entitled to "the highest degree of appellate deference." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) (internal quotation marks omitted). Here, the district court concluded that all four witnesses who testified during the hearing were credible. Where a district court makes a factual determination based on its "decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible

3

story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Id.* (internal quotation marks omitted).

With these standards in mind, we have reviewed the record and we conclude that the district court did not err in finding that the Government agents did not change the meeting location for the sole purpose of creating federal jurisdiction and therefore that the manufactured jurisdiction doctrine did not apply. *See United States v. Davis*, 855 F.3d 587, 589, 592 (4th Cir. 2017). Accordingly, we affirm the district court's order and therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*